IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY FLORES | :<br>: CIVIL ACTION |
| v. | : NO. 18-0137<br>: |
| COMMONWEALTH OF PENNSYLVANIA<br>PENNSYLVANIA STATE POLICE | :<br>: |

SURRICK, J.                                                                                            JANUARY __, 2019

## **MEMORANDUM**

Presently before the Court is Plaintiff's Motion *in Limine* Seeking to Exclude Evidence of Administrative Determination(s) and Notices (ECF No. 27), Defendant's Motion *in Limine* to Preclude Evidence of Claims Not Administratively Exhausted (ECF No. 28), and Defendant's Motion *in Limine* to Preclude Evidence of Comments or Conduct of a Sexual Nature (ECF No. 29). For the following reasons, Plaintiff's Motion will be granted to the extent that it seeks to exclude a "Right to Sue" letter issued to Plaintiff by the U.S. Department of Justice. In all other respects, it will be denied. Defendant's Motions will also be denied.

## I.    BACKGROUND

In this Title VII case, Plaintiff Ashley Flores, a Hispanic woman of Puerto Rican descent, brought suit against the Pennsylvania State Police alleging sex and race discrimination. (*See* Compl., ECF No. 1; Am. Compl., ECF No. 16.) Plaintiff alleges that Defendant discriminated against her when it extended her probationary period of employment as a trooper and subsequently terminated her. (*Id.*) Defendant contends that Plaintiff's job performance was deficient and that Plaintiff violated Defendant's policies. (MSJ, ECF No. 18.) A more complete recitation of the facts is set forth in this Court's November 9, 2018 Memorandum denying

Defendant's Motion for Summary Judgment. *Flores v. Pa. State Police*, No. 18-0137, 2018 U.S. Dist. LEXIS 191965 (E.D. Pa. Nov. 9, 2018).

On March 21, 2017, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that the Pennsylvania State Police discriminated against her based on race, sex, and national origin. (EEOC Charge, Pl.'s Mot. in Limine Ex. A, ECF No. 27.) She also brought a charge of retaliation. (*Id.*) In the narrative portion of the charge, Plaintiff made the following relevant statements: "I was subjected to extended probation, pretextual admonishment, selectively referral [sic] internal affairs review, and an ultimate termination from employment. . . . There is a culture and environment of giving different assignments to females based upon gender, . . ." (*Id.*)

On November 20, 2017, the U.S. Department of Justice, Civil Rights Division, issued to Plaintiff a "Right to Sue" letter, stating:

> Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964 . . . against the above-named respondent.
>
> If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.
>
> The investigative file pertaining to your case is located in the EEOC Philadelphia District Office, Philadelphia, PA.
>
> This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

(DOJ Letter, Pl.'s Mot. in Limine Ex. A.)

On January 11, 2018, Plaintiff filed a Complaint in this Court alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, for race discrimination and sex

2

discrimination, including a hostile work environment, with regard to the extension of her probationary period and the ultimate termination of her employment. (ECF No. 1.) Defendant filed its Answer on March 12, 2018. (ECF No. 5.) On September 10, 2018, Plaintiff filed an Amended Complaint that included allegations of sex and race discrimination under the Pennsylvania Human Relations Act, 43 Pa. Stat. Ann. §§ 951 *et seq.* ("PHRA"). (Am. Compl., ECF No. 16.) Defendant filed an Answer on September 21, 2018. (ECF No. 17.) On September 28, 2018, Defendant filed a Motion for Summary Judgment. (ECF No. 18.) Plaintiff filed a Response to the Motion for Summary Judgment on October 12, 2018, in which she withdrew her claims under the PHRA and her claims for hostile work environment. (ECF No. 20.) The Motion for Summary Judgment was denied on November 9, 2018. *Flores*, 2018 U.S. Dist. LEXIS 191965. On November 21, 2018, Plaintiff and Defendant filed the instant Motions *in Limine*. (Pl.'s Mot. in Limine; Def.'s Admin. Mot., ECF No. 28; Def.'s Cmts. Mot., ECF No. 29.) On December 5, 2018, Plaintiff and Defendant filed their respective Responses to the Motions. (ECF Nos. 30, 31, 32.)

## II. DISCUSSION

### A. Motion to Preclude Evidence of Claims Not Administratively Exhausted

As a precondition to bringing suit under Title VII, a plaintiff must exhaust administrative remedies by filing a charge with the EEOC. "The ensuing suit is limited to claims that are within the scope of the initial administrative charge." *Twillie v. Erie Sch. Dist.*, 575 F. App'x 28, 30-31 (3d Cir. 2014). "[O]nly those acts alleged that are 'fairly within the scope of the prior [administrative] complaint, or the investigation arising therefrom' are considered to have been exhausted." *Spindler v. SEPTA*, 47 F. App'x 92, 94 (3d Cir. 2002) (quoting *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996)); *see also Fleming v. Kramont Emp'r Royce Realty, Inc.*, No. 02-

3

2703, 2002 U.S. Dist. LEXIS 15806, at *6 (E.D. Pa. Aug. 16, 2002) ("The appropriate test for whether a plaintiff has failed to exhaust her administrative remedies is not whether the judicial complaint mirrors the plaintiff's earlier administrative complaint, but rather 'whether the acts alleged in the subsequent . . . suit are fairly within the scope of the prior EEOC complaint, or the EEOC investigation arising therefrom.'" (quoting *Antol*, 82 F.3d at 1295)).

Defendant argues that Plaintiff makes allegations in her Complaint that were not included in her EEOC charge. Specifically, Defendant contends that Plaintiff's allegation that she received fewer midnight shifts than her Caucasian male coworkers is not in her EEOC charge and should be excluded. Plaintiff counters that Defendant is required to raise substantive issues—such as whether she has exhausted her administrative remedies—in a dispositive motion, which Defendant failed to do. In addition, Plaintiff argues that her allegation of a disparity in midnight shifts is within the scope of her EEOC charge, especially given the fact that she specifically mentioned in her charge that females received different assignments based on gender.

It would have been more appropriate for Defendant to have raised this issue in a dispositive motion. *See Zebley v. Judge*, No. 11-6258, 2013 U.S. Dist. LEXIS 35842, at *4 (E.D. Pa. Mar. 12, 2013) ("It is well settled that motions in limine address evidentiary questions and are inappropriate devices for resolving substantive issues . . ." (citation and internal quotation marks omitted)); *see also Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 94 (3d Cir. 1999) (addressing administrative remedy exhaustion in motion to dismiss); *Hicks v. ABT Assoc. Inc.*, 572 F.2d 960, 963-67 (3d Cir. 1978) (addressing administrative remedy exhaustion in motion for summary judgment). Nevertheless, we will address the issue. Although Defendant seeks to preclude evidence of "midnight shifts or any other allegedly adverse employment action which

4

was not included in her EEOC Charge of Discrimination," Defendant does not state which, if any, additional allegations Plaintiff has made that were not included in her EEOC charge. Therefore, we will limit our analysis to whether Plaintiff's allegations regarding midnight shifts were within the scope of her EEOC charge.

Plaintiff has satisfied the exhaustion requirement as to her allegation regarding midnight shifts. EEOC "charges are most often drafted by one who is not well versed in the art of legal description. . . . The scope of the original charge should be liberally construed." *Anjelino*, 200 F.3d at 94 (quoting *Hicks*, 572 F.2d at 965). The charge and the civil complaint are not required to mirror one another. *See Fleming*, 2002 U.S. Dist. LEXIS 15806, at *6. The primary purpose of the EEOC Charge of Discrimination is to put the EEOC on notice of the charges so that the EEOC can investigate the charges and facilitate a settlement. *See Anjelino*, 200 F.3d at 94. Plaintiff alleged in her charge that "[t]here is a culture and environment of giving different assignments to females based upon gender." In the instant civil suit, she alleges that she received only six opportunities to work the midnight shift while, in comparison, several specifically-named, white, male, non-Hispanic troopers were offered more of these shifts. (*See* Def.'s Supp. Answ. to Pl.'s Interrog. Nos. 12, 2, MSJ Ex. 14; Pl. Dep. 119-121, MSJ Ex. 13.) The disparity in midnight shifts is an example of the culture Plaintiff described in her charge. Plaintiff is not required to list in her charge every example of discriminatory conduct to which she was allegedly subjected. Rather, such conduct is within the scope of the investigation that reasonably could have been expected to arise from the general claims in her charge. We are satisfied that Defendant's Motion to preclude evidence of the midnight shifts must be denied.

5

**B.     Motion to Preclude Evidence of Administrative Determination(s) and Notices**

Plaintiff seeks to preclude evidence of the DOJ Letter and its lack of findings, as well as any other agency notices or determinations, on the ground that they are not probative and are highly prejudicial. She argues that a jury could give weight to the DOJ's lack of findings regarding her case, which would be unfairly prejudicial to Plaintiff, given that its function is merely procedural. Defendant advocates a position that would preclude either party—rather than just Defendant—from referring to the DOJ Letter or its lack of findings, except where relevant on cross-examination to establish that Plaintiff received the letter and that the DOJ had not issued any findings or conclusions.

Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Evidence is relevant if it (a) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is admissible unless the Rules or other applicable law provide otherwise, with the natural corollary being that irrelevant evidence is not admissible. Fed. R. Evid. 402.

"[T]he decision of whether or not an EEOC Letter of Determination is more probative than prejudicial is within the discretion of the trial court, and to be determined on a case-by-case basis." *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1345 (3d Cir. 2002). Given that we must assess administrative documents on a case-by-case basis, and neither party attached to their Motion or Response any administrative notice or determination other than the DOJ Letter, we

will assess only Plaintiff's Motion as to that letter.[1] With regard to the DOJ Letter and its lack of findings, such evidence has little to no probative value and presents a substantial danger of misleading the jury and unfairly prejudicing Plaintiff.

The DOJ Letter does not include any information that tends to prove or disprove any element of Plaintiff's case or Defendant's defense. It merely states that the requisite amount of time has passed for Plaintiff to bring suit, the Department has chosen not to bring suit, and Plaintiff may now institute her own suit. *See Barber v. Subway*, No. 14-613, 2016 U.S. Dist. LEXIS 1527, at *2 (M.D. Pa. Jan. 7, 2016) (excluding notice of rights and dismissal letter because it is of minimal probative value and may cause confusion of issues or mislead jury); *Kirby v. J.C. Penney Corp.*, No. 08-1088, 2009 U.S. Dist. LEXIS 99160, at *6 (W.D. Pa. Oct. 26, 2009) ("The Court fails to see how what is essentially a non-decision on the part of the EEOC demonstrates any tendency to make the existence of a fact of consequence to the determination of this action more or less probable than it would be without the evidence."); *Hisel v. City of Clarksville*, No. 04-0924, 2007 U.S. Dist. LEXIS 19887, at *6 (M.D. Tenn. Mar. 20, 2007) ("[T]he Court concludes that the EEOC Dismissals and Notices of Right to Sue letters have little probative weight and a possibility of great prejudice."). Moreover, the DOJ Letter specifically states that it "should not be taken to mean the Department of Justice has made a judgment as to whether or not your case is meritorious." (DOJ Letter.)

---

[1] In her Motion, Plaintiff references communications received from other organizations: "Because Plaintiff asserted claims against a public body, the EEOC forwarded [her request for a right-to-sue letter] to the DOJ. The [DOJ] ultimately issued Plaintiff her [right-to-sue letter]. However, the DOJ, EEOC and PHRC never conducted a fact-finding hearing and did not perform any meaningful investigation." (Pl.'s Mot. in Limine 3-4.) Neither Plaintiff nor Defendant provided additional details, attached these communications, or discussed the communications' form or content.

In addition to the Letter's lack of relevance, it could be misleading to a jury. Courts have excluded EEOC right-to-sue letters on the ground that a jury could infer from the agency's decision not to bring suit that the agency did not see merit in the plaintiff's case. *See Barber*, 2016 U.S. Dist. LEXIS 1527, at *2-3 (excluding notice of rights and dismissal letter because it is of minimal probative value and may cause confusion of issues or mislead jury); *Berry v. Georgetown Inn, Ltd.*, No. 08-0205, 2010 U.S. Dist. LEXIS 14392, at *3-4 (W.D. Pa. Feb. 18, 2010) (excluding EEOC Dismissal and Notice of Rights because, *inter alia*, "the document originates from an authoritative government agency" and discussed matters "a jury could easily confuse . . . as suggestive of the jury's ultimate legal question"); *Hisel*, 2007 U.S. Dist. LEXIS 19887, at *6 (adding that jury could "attach undue weight" to EEOC's decision not to bring suit "and view it as a suggestion that" alleged actions were untrue). Rather than being any sort of a determination, the issuance of a right-to-sue letter is merely a procedural prerequisite to bringing a civil action, which the parties would also have to explain to the jury if the letter were to be introduced. *See Berry*, 2010 U.S. Dist. LEXIS 14392, at *4 (holding that explaining context of Notice of Rights would be unduly cumulative, especially given letter's lack of relevance and potential to mislead jury).

Thus, Defendant's argument that the parties should be allowed to cross examine one another regarding the DOJ's lack of findings is without merit because such cross examination would likely be misleading to the jury, unduly cumulative, and unfairly prejudicial to Plaintiff. To the extent the parties wish to demonstrate facts regarding the letter's existence, they may enter into a stipulation regarding those facts. *See Hisel*, 2007 U.S. Dist. LEXIS 19887, at *6 (excluding right-to-sue letter and allowing parties to stipulate as to date of letter, as defendant argued date was relevant).

8

For these reasons, Plaintiff's Motion *in Limine* will be granted insofar as it seeks to exclude the DOJ Letter and its lack of findings.

### C. Motion to Preclude Evidence of Comments or Conduct of a Sexual Nature

Plaintiff alleges that she was regularly subjected to her male colleagues' inappropriate sexual comments about her body, requests to watch Plaintiff work out or to send nude photos of herself, and descriptions of their sexual dreams about her. Defendant seeks to preclude evidence of these comments, arguing that they would serve to mislead the jury into thinking Plaintiff has a claim for hostile work environment. Defendant contends that, since Plaintiff has expressly withdrawn her hostile work environment claim, the comments do not serve any purpose except to inflame the jury and unfairly prejudice Defendant. Defendant adds that the comments were allegedly made by Plaintiff's fellow troopers, and not her supervisors, so they are not probative of the supervisors' conduct. Plaintiff counters that stray comments by coworkers are relevant in employment discrimination cases as evidence of the atmosphere in which an employment decision was made.

In *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506 (3d Cir. 1997), the Third Circuit dealt with an argument similar to Defendant's in a retaliation case. The defendant in *Walden* argued that stray comments by non-decisionmakers about their own desires to terminate the plaintiff were not relevant to whether the plaintiff's supervisor retaliated against her. *See id.* at 521. The court found that these stray remarks by non-decisionmakers, "standing alone, are inadequate to support an inference of discrimination. . . . [However,] such remarks can still constitute evidence of the atmosphere in which the employment decision was carried out, and therefore can be relevant to the question of retaliation." *Id.* (citing, *inter alia, Gomez v. Allegheny Health Serv., Inc.*, 71 F.3d 1079, 1085 (3d Cir. 1995), *cert. denied*, 518 U.S. 1005 (1996)). Like any evidence,

9

however, these stray remarks are subject to the restraints of Rules 401 and 403. *See, e.g., id.* at 522 (affirming exclusion of stray remarks under plain error standard because "the jury was presented with other significant evidence of the defendant's possible bias").

With this standard in mind, we are satisfied that the sexual comments made by Plaintiff's fellow troopers are probative of the atmosphere in which Plaintiff's supervisors made their employment decisions, and not so unfairly prejudicial that they should be excluded. Plaintiff need not assert a hostile work environment claim for stray comments to be probative. Rather, in a sex discrimination case, the atmosphere in which a decision was made is relevant to some of the most critical elements of the claim: whether the defendant's actions raise an inference of discrimination and whether the defendant's proffered reasons for their actions are a pretext for discrimination. *See, e.g., Antol*, 82 F.3d at 1302 ("The atmosphere is relevant to whether defendant's asserted legitimate non-discriminatory reasons were pretextual, and relevant to the ultimate issue of whether defendant intentionally discriminated against plaintiff."); *Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 546 (3d Cir. 1992) (stating that proof of discriminatory atmosphere may be relevant in proving pretext in sex discrimination case); *Johnson v. Fed. Express Corp.*, No. 12-444, 2014 U.S. Dist. LEXIS 25861, at *22 (M.D. Pa. Feb. 28, 2014) (allowing racial slurs as relevant to proving inference of race discrimination and pretext). At a minimum, such comments could "reflect[] . . . management's callous indifference to . . . [and] prejudice towards" Plaintiff. *Johnson*, 2014 U.S. Dist. LEXIS 25861, at *21. Therefore, Defendant's Motion will be denied.

## III.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion *in Limine* will be granted in part and denied in part and Defendant's Motions *in Limine* will be denied. An appropriate Order follows.

BY THE COURT:

_____
R. BARCLAY SURRICK, J.