IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY FLORES | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 18-0137 |
| COMMONWEALTH OF PENNSYLVANIA | : |
| PENNSYLVANIA STATE POLICE | : |

SURRICK, J.                                                                  JANUARY 17, 2019

**MEMORANDUM**

Presently before the Court are Plaintiff's Late Motion *in Limine* to Strike Irrelevant and Prejudicial Documents (ECF No. 36), and Plaintiff's Emergency Motion *in Limine* Seeking to Strike Witnesses Who Were Disclosed as Potential Trial Witnesses for the First Time This Week and Were Not Specifically Disclosed in Defendant's Initial Disclosures or Interrogatory Responses (ECF No. 50). Plaintiff's Motion to Strike Irrelevant Documents will be granted. The documents constitute inadmissible hearsay and conclusions based upon that hearsay. Plaintiff's Motion to Strike Witnesses will be granted to the extent that it seeks to preclude testimony of Lt. Michaelann Andrusiak, whose only relevance to this case is as the author of one of the inadmissible documents. The Motion to Strike Witnesses will be denied to the extent that it seeks to preclude testimony of Jeffrey Long. Plaintiff was aware of Long's identity, scope of knowledge, and relevance to the case prior to the close of discovery.

**I. BACKGROUND**

In this Title VII case, Plaintiff Ashley Flores, a Hispanic woman of Puerto Rican descent, brought suit against the Pennsylvania State Police alleging sex and race discrimination. (*See* Compl., ECF No. 1; Am. Compl., ECF No. 16.) Plaintiff alleges that Defendant discriminated

against her when it extended her probationary period of employment as a trooper and when it terminated her. (*Id.*) Defendant contends that Plaintiff's job performance was deficient and that Plaintiff violated Defendant's policies. (MSJ, ECF No. 18.)[1]

On March 21, 2017, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that the Pennsylvania State Police discriminated against her based on race, sex, and national origin. (EEOC Charge, Pl.'s Mot. *in Limine* Ex. A, ECF No. 27.) On January 11, 2018, after receiving her administrative right-to-sue letter, Plaintiff filed a Complaint in this Court alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, for race discrimination, sex discrimination, and hostile work environment, related to the extension of her probationary period and the ultimate termination of her employment. (Compl.) Defendant filed its Answer on March 12, 2018. (ECF No. 5.) On September 10, 2018, Plaintiff filed an Amended Complaint that included allegations of sex and race discrimination under the Pennsylvania Human Relations Act, 43 Pa. Stat. Ann. §§ 951 *et seq.* ("PHRA"). (Am. Compl.) Defendant filed an Answer to the Amended Complaint on September 21, 2018. (ECF No. 17.) On September 28, 2018, Defendant filed a Motion for Summary Judgment. On October 12, 2018, Plaintiff filed a Response to the Motion for Summary Judgment, in which she withdrew her claims under the PHRA and her claim for hostile work environment. (ECF No. 20.) The Motion for Summary Judgment was denied on November 9, 2018. *Flores*, 2018 U.S. Dist. LEXIS 191965.

Plaintiff submitted the instant Motions *in Limine* on January 8 and January 11, 2019, seeking (1) to preclude Defendant from introducing an investigative report and subsequent

---

[1] A more complete recitation of the facts is set forth in this Court's November 9, 2018 Memorandum denying Defendant's Motion for Summary Judgment. *Flores v. Pa. State Police*, No. 18-0137, 2018 U.S. Dist. LEXIS 191965 (E.D. Pa. Nov. 9, 2018).

approval of that investigative report, both of which were created after Plaintiff's termination, and (2) to preclude the testimony of four witnesses at trial. Those witnesses are Lt. Michaelann Andrusiak, who prepared the first post-termination investigative report, Jeffrey Long, the subject of an allegedly falsified report authored by Plaintiff, and Troopers Rebecca Ladd and Erin Achtel. (Pl.'s Irrelevant Docs. Mot. *in Limine*, ECF No. 36; Pl.'s Witnesses Mot. *in Limine*, ECF No. 50.) On January 11, 2019, Plaintiff withdrew her Motion to Strike Witnesses to the extent that it sought to exclude the testimony of Troopers Ladd and Achtel. (ECF No. 51.) Defendant filed Responses to Plaintiff's Motions on January 14, 2019. (ECF Nos. 54, 56.) Plaintiff filed a Reply in support of Defendant's Response to her Motion to Strike Witnesses on January 14, 2019. (ECF No. 55.)

## II. DISCUSSION

### A. Motion to Preclude Irrelevant Documents

Shortly before Plaintiff was terminated, Defendant initiated an investigation into her alleged policy violations. On March 1, 2017, when Plaintiff was terminated, the investigation had not concluded. Nevertheless, one of Defendant's stated reasons for Plaintiff's termination was that Plaintiff was "named the subject of an Internal Affairs Division Investigation." (Termination Letter, MSJ Ex. 21.) On March 20, 2017, that investigation concluded. The investigation report is comprised entirely of statements from a number of Plaintiff's supervisors. Although the investigation report does not appear to include any findings, Defendant contends that the author of the report will testify that Defendant "did not know the full extent of the falsification until she had completed the report." (Def.'s Opp. to Pl.'s Irrelevant Docs. Mot. *in Limine* 5.) On April 5, 2017, fifteen days after Plaintiff filed her Charge of Discrimination with the EEOC, Cpt. Bruce Williams conducted an administrative review of the investigation for

3

"completeness of content" and found "the allegation of [Plaintiff's] Failure to Perform Duties to be Sustained." (Williams Report 1, Pl.'s Irrelevant Docs. Mot. *in Limine* Ex. A.)

The parties do not dispute that Defendant did not produce Cpt. Williams' administrative review until January 7, 2019, more than four months after the discovery deadline and only two weeks before trial. Plaintiff argues that Defendant's failure to produce the document until shortly before trial should preclude the use of the document altogether. Plaintiff also argues that the late-produced administrative review, as well as the timely-produced post-termination investigation itself, are not relevant or admissible on the issue of Defendant's liability. Defendant argues that it was unaware of the administrative review until January 7, 2019, but that, in any case, it does not contain any new information such that admission would unfairly prejudice Plaintiff. Defendant also contends that both the post-termination investigation report and administrative review of that report should be admitted as "after-acquired evidence" of Plaintiff's wrongdoing to show that, even if Plaintiff was terminated for discriminatory reasons, she would have been terminated for legitimate reasons on or after the date the investigation concluded.

Defendant's arguments do not address the problems presented by the investigation and its administrative review. These documents are comprised of inadmissible hearsay and any conclusions contained within them are inadmissible based on their reliance on such hearsay. The Federal Rules of Evidence define "hearsay" as a statement that: "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). As stated above, the reports consist of statements from Plaintiff's supervisors and the conclusions drawn therefrom. Defendant has stated that it "did not know the full extent of Plaintiff's falsification of

4

reports/records until the IAD investigation concluded," and it expects to call the author of the investigation report to testify to that, the basis of which is the out-of-court statements of Plaintiff's supervisors contained in the report. (Def.'s Opp. to Pl.'s Irrelevant Doc. Mot. *in Limine* 5.) Clearly, the report and the review are based upon hearsay and Defendant seeks to offer them into evidence to prove the truth of the matters asserted therein.

Hearsay is not admissible unless an exception or exclusion applies. Fed. R. Evid. 802. Rule 803(8) provides an exception for "[a] record or statement of a public office if: (A) it sets out: . . (iii) in a civil case . . . , factual findings from a legally authorized investigation" and "(B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." An investigative report of a public agency can be found untrustworthy if it "appears to have been made subject to a suspect motivation" such as "if the public official or body who prepared the report has an institutional . . . bias, and the final report is consistent with that bias," or where "it is made in contemplation of litigation." *WM High Yield Fund v. O'Hanlon*, 964 F. Supp. 2d 368, 397 (E.D. Pa. 2013) (quoting *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1342 (3d Cir. 2002)). Here, the reports were created by, and are comprised of statements by, officials of Defendant. They are consistent with and support the position taken by Defendant in this litigation. Moreover, the administrative review document was created after Plaintiff commenced this litigation. A report may also be considered untrustworthy if it includes hearsay-within-hearsay. *Bernard v. E. Stroudsburg Univ.*, 700 F. App'x 159, 167 (3d Cir. 2017) (describing and affirming District Court's exclusion of investigative report based on, *inter alia*, lack of trustworthiness, including presence of hearsay-within-hearsay). Both documents at issue in this case are almost entirely hearsay-within-hearsay. Finally, a report of a public agency may be excluded if "the admission of the report, which reaches conclusions as the ultimate issue at

5

trial, would be highly prejudicial and threaten to usurp the jury's role as factfinder." *Id.* at 167 (describing and affirming District Court's exclusion of investigative report based on, *inter alia*, the fact that report would usurp role of jury). The reports in this case reach the ultimate conclusion on key issues in the case: whether Defendant had legitimate reasons to act against Plaintiff, and whether those actions were merely a pretext for discrimination. As the court observed in *Bernard*, it would be highly prejudicial to allow this evidence.

Because the post-termination investigative report and the administrative review of that report contain only inadmissible hearsay or conclusions based on inadmissible hearsay, they will be excluded.

### B.    Motion to Preclude Testimony of Lt. Michaelann Andrusiak

Lt. Andrusiak produced the post-termination investigation report regarding Plaintiff's alleged falsification of reports. Lt. Andrusiak's identity was disclosed during discovery when Defendant produced the investigation report, the first page of which stated that Lt. Andrusiak was the author. (Def.'s Answers and Objections to Pl.'s Request for Interrogs., Def.'s Resp. to Pl.'s Witnesses Mot. *in Limine* Ex. 1.) Although her identity was timely disclosed to Plaintiff during discovery, Defendant had not expressly tied her to any of its claims or defenses, or stated any intention to call her as a witness before January 10, 2019, twelve days before trial.

Federal Rule of Civil Procedure 26(a)(1)(A)(i) states that parties must provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; . . ." The notes accompanying this Rule make it clear that the purpose of this information is to "disclose the identity of those persons who may be used by [a party] as witnesses." Fed. R. Civ. P.

6

26(a)(1)(A) advisory committee's note (1993). Rule 26(e) provides that parties must supplement their disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information *has not otherwise been made known* to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e) (emphasis added).

Here, the parties do not dispute that Defendant failed to formally disclose Lt. Andrusiak in its Initial Disclosures or a supplement thereto. Therefore, the issue is whether Defendant "otherwise . . . made [it] known" to Plaintiff that it might call her as a witness. "The mere mention of an individual's identity . . . is not sufficient." *Eli Lilly & Co. v. Actavis Elizabeth LLC*, No. 07-3770, 2010 U.S. Dist. LEXIS 44913, at *13 (D.N.J. May 7, 2010). Rather, "the alleged disclosure must be clear and unambiguous." *Id.* (internal quotation marks and citation omitted). A disclosure is clear and unambiguous where the opposing party identifies the potential witness, their scope of knowledge, and their relevance to the case. *See id.* at *26-27 ("At a minimum, Lilly should have clearly identified persons with knowledge, the scope of knowledge, and the witnesses it intended to use to support its claims or defenses. . . If the supposed disclosure requires inferences as to the person's relevance and knowledge, the disclosure is not sufficient.").

We are satisfied that Lt. Andrusiak's scope of knowledge or relevance to the case was not made known to Plaintiff. While Lt. Andrusiak's identity as the author of an investigative report was disclosed, "[t]he mere mention of an individual's identity . . . is not sufficient." *Eli Lilly*, 2010 U.S. Dist. LEXIS 44913, at *13. Defendant states that it intends to call Lt. Andrusiak for the purpose of discussing "[h]er Internal Affairs Division investigation of and findings related to Flores." (Def.'s Trial Mem. 5, ECF No. 48.) As discussed above, Lt. Andrusiak's report is an

7

inadmissible compilation of hearsay statements by Plaintiff's former supervisors, many of whom are to be called as witnesses themselves. (*See id.* at 5-6.) Other than serving as the person who compiled these statements, Defendant has not stated, or produced any documents stating that Lt. Andrusiak has any personal knowledge of Plaintiff's alleged performance or has any other information relevant to this case. Plaintiff could not have been on notice of her potential as a witness. *Cf. Kapche v. Holder*, 677 F.3d 454, 468 (D.D.C. 2012) (holding that witness had been "made known" to opposing party because opposing party had been provided with witness's document and had asked questions about the document, and witness had been identified as potential witness on equitable issues).

In addition, Lt. Andrusiak's testimony must be precluded pursuant to Rule 37, which states that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). We consider four factors when determining whether the failure to disclose was harmless:

1. The prejudice or surprise in fact of the party against whom the excluded witnesses are to testify;

2. The ability of that party to cure the prejudice;

3. The extent to which the waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court; and

4. Bad faith or willfulness in failing to comply with the court's order.

*Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977). When assessing these factors, courts consider how and when the witness's identity was first disclosed, whether the witness's importance to the case is clear, and whether there is

sufficient time before trial for the witness to be deposed. *See, e.g., Lint v. Cty. of Fayette*, No. 10-321, 2011 U.S. Dist. LECIS 112502, at *2-3 (W.D. Pa. Sep. 30, 2011) (finding harmless that witnesses were disclosed shortly before trial because they had been referenced in opposing parties' documents and had complaints against plaintiff such that plaintiff was on notice that defendants might use them against plaintiff, and there was sufficient time for plaintiff to depose witnesses); *Shumek v. McDowell*, No. 09-216, 2011 U.S. Dist. LEXIS 5125, at *13 (M.D. Pa. Jan. 19, 2011) (finding harmless that witnesses were disclosed shortly before trial because plaintiff knew identity of witnesses and their relevance to case, trial would not be disrupted, and defendant did not act in bad faith); *Kotes v. Super Fresh Food Mkts.*, 157 F.R.D. 18, 20 (E.D. Pa. 1994) (finding harmless that witnesses were disclosed shortly before trial because, *inter alia*, defendant identified them during discovery and could have deposed them).

As stated above, Lt. Andrusiak's identity was timely disclosed during discovery, but her relevance to the case is still unclear. There is no time before trial for Plaintiff to depose Lt. Andrusiak or to otherwise prepare a rebuttal to her potential testimony. Therefore, Defendant's error was not harmless and Lt. Andrusiak will be precluded from testifying at trial.

### C. Motion to Preclude Testimony of Jeffrey Long

Long was a motorcyclist who was involved in an accident. Plaintiff, while still employed with Defendant, was responsible for preparing a report regarding the accident. Plaintiff's alleged filing of a false report regarding this accident is one of the main disputes in this case. As such, Long's identity and potential as a witness was certainly known to Plaintiff during discovery. (Jul. 3, 2018 Email, Def.'s Resp. to Pl.'s Witnesses Mot. *in Limine* Ex. 3.) Defendant notified Plaintiff on January 8, 2019, two weeks before trial, that it intended to call Long as a witness.

9

The parties do not dispute that Defendant failed to formally disclose Long in its Initial Disclosures or a supplement thereto. Nevertheless, we are satisfied that Long's identity, scope of knowledge, and relevance to the case was "made known" to Plaintiff prior to the close of discovery. Plaintiff was aware that her report formed the basis of a dispute with Defendant both during her employment and throughout this litigation. Long's relevance to and involvement in this case is clear and unambiguous. *See* Fed. R. Civ. P. 37, advisory committee notes (stating that "inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties" is harmless error).

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Late Motion *in Limine* to Strike Irrelevant and Prejudicial Documents will be granted. Plaintiff's Emergency Motion *in Limine* Seeking to Strike Witnesses Who Were Disclosed as Potential Trial Witnesses for the First Time This Week and Were Not Specifically Disclosed in Defendant's Initial Disclosures or Interrogatory Responses will be granted insofar as it seeks to preclude testimony by Lt. Andrusiak. It will be denied insofar as it seeks to preclude testimony by Jeffrey Long. An appropriate Order follows.

BY THE COURT:

R. BARCLAY SURRICK, J.